Philip D. Stern & Associates, LLC
Attorneys at Law
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Alexander Braurman

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER BRAURMAN,<br>Plaintiff,<br><br>vs.<br><br>UNITED COLLECTION BUREAU, INC., an<br>Ohio Corporation;<br>SADE DOE, an individual;<br>MARTIN DOE, an individual;<br>JACKIE DOE, an individual;<br>JENNIFER DOE, an individual;<br>COLLEEN DOE, an individual;<br>YOLANDA DOE, an individual;<br>BRITTANY DOE, an individual;<br>HEATHER DOE, an individual;<br>and DANIELLE DOE, an individual,<br>Defendants. | **COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Plaintiff, ALEXANDER BRAURMAN, by way of this Complaint against Defendants, UNITED COLLECTION BUREAU, INC., an Ohio Corporation, SADE DOE, an individual, MARTIN DOE, an individual, JACKIE DOE, an individual, JENNIFER DOE, an individual, COLLEEN DOE, an individual, YOLANDA DOE, an individual, BRITTANY DOE, an individual, HEATHER DOE, an individual, and DANIELLE DOE, an individual, says:

### I. PARTIES

1.      ALEXANDER BRAURMAN is a natural person.

2.      At all times relevant to the allegations in this Complaint, ALEXANDER

BRAURMAN was a citizen of, and resided in, the Township of Chester, Morris County, New Jersey.

3.     At all times relevant to the allegations in this Complaint, UNITED COLLECTION BUREAU, INC. ("UNITED") is a for-profit limited liability company existing pursuant to the laws of the State of Ohio with its principal business address at 5620 Southwyck Boulevard, in the City of Toledo, Lucas County, Ohio.

4.     At all times relevant to the allegations in this Complaint, SADE DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Sade" who could be reached by calling 1-800-299-0979 at extension 48841.

5.     At all times relevant to the allegations in this Complaint, MARTIN DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying himself as simply "Martin" who could be reached by calling 866-559-4306 and at 1-800-299-0979 at extension 48676.

6.     At all times relevant to the allegations in this Complaint, JACKIE DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Jackie" who could be reached by calling 866-559-4306.

7.     At all times relevant to the allegations in this Complaint, JENNIFER DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Jennifer" who could be reached by calling 800-299-0979 at extension 48731.

8.     At all times relevant to the allegations in this Complaint, COLLEEN DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN

identifying herself as simply "Colleen" who could be reached by calling 866-559-4306 at extension 48952.

9.      At all times relevant to the allegations in this Complaint, YOLANDA DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Yolanda" who could be reached by calling 800-299-0979 at extension 48627.

10.     At all times relevant to the allegations in this Complaint, BRITTANY DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Brittany" who could be reached by calling 866-559-4306.

11.     At all times relevant to the allegations in this Complaint, HEATHER DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Heather" who could be reached by calling 866-559-4306 at extension 48633..

12.     At all times relevant to the allegations in this Complaint, DANIELLE DOE is a fictitious name of the natural person who, as alleged below, left a message for BRAURMAN identifying herself as simply "Danielle" who could be reached by calling 866-559-4301.

13.     The above-named DOE Defendants are sued under fictitious names as their true names, capacities and locations are yet unknown to Plaintiff. Plaintiff will seek to amend this complaint by inserting the true names and capacities of these DOE Defendants once that information is obtained.

## II. JURISDICTION AND VENUE

14.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and 28 U.S.C. § 1367(a) with respect to claims arising under 47 U.S.C. §227(b).

15.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant regularly transact business within this federal district by attempting to collect debts from consumers who reside in this district.

### III. PRELIMINARY STATEMENT

16.     Plaintiff brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff.

17.     Plaintiff alleges that the Defendants' conduct in attempting to collect a debt violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

18.     The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §1692.

19.     When adopting the FDCPA, Congress acted with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted).

20.     "A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007)

citing *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) which, in turn, cited *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) which relied on 123 *Cong. Rec.* 10241 (1977).

21.     The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

22.     The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

23.     The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k(a).

24.     The FDCPA provides for an affirmative defense when a debt collector can establish that its conduct which violated the FDCPA "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

25.     To prohibit harassing, oppressive and abusive conduct, the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" and, without limiting the generality of prohibited conduct, enumerates specific acts and omissions which are deemed to violate that section. 15 U.S.C. §1692d(1)-(6). In that list is "the placement of telephone calls without meaningful disclosure of the caller's identity failure." Courts have universally held that "meaningful disclosure" requires, at the very least, disclosure

of the nature or purpose of the call. 15 U.S.C. §1692d(6).

26.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of prohibited conduct, enumerates specific acts and omissions which are deemed to violate that section. 15 U.S.C. §1692e(1)-(16). In that list is the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). Also in that list is the failure by debt collectors to disclose, in initial oral communications, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," and, in subsequent oral communications, "that the communication is from a debt collector." 15 U.S.C. §1692e(11).

27.     To prohibit unfair and unconscionable practices, the FDCPA, at 15 U.S.C. §1692f, provides that a debt collector may "not use unfair or unconscionable means to collect or attempt to collect any debt" and, without limiting the generality of prohibited conduct, enumerates specific acts and omissions which are deemed to violate that section. 15 U.S.C. §1692f(1)-(8). In that list is the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

28.     Although each of the Defendants engaged in illegal conduct independent of the conduct of the other Defendants justifying commencement of separate actions as to each Defendant, Plaintiff alleges that the illegal conduct of each of the natural person Defendants is attributable to the corporate Defendant, UNITED and, for purposes of judicial economy and to

avoid multiplying the proceedings in contravention of 28 U.S.C. §1927, Plaintiff brings these claims in one action. If, however, Defendants seek to limit Plaintiff's recovery under 15 U.S.C. §1692k(a)(2)(A) because these claims were raised in a single action, then Plaintiff will bring distinct actions against each natural person Defendant either by way of severing the claims or filing new actions and dismissing the corresponding claims from this action.

### IV. FACTS APPLICABLE TO ALL DEFENDANTS

29.     Sometime prior to February 1, 2010, BRAURMAN allegedly incurred a financial obligation ("Debt") to Citibank (South Dakota) N.A.

30.     That Debt arises out of a transaction in which the money or services which are the subject of the transaction are primarily for personal purposes.

31.     The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

32.     Sometime prior to February 1, 2010 but after the Debt was allegedly in default, the Debt was assigned, placed, transferred, or sold to UNITED for the purpose of attempting to collect the Debt.

33.     At all times relevant to the illegality of each Defendant's conduct, BRAURMAN was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

### V. FACTS SPECIFIC TO DEFENDANT SADE DOE

34.     On February 3, 2010, at approximately 4:24 p.m., and in an attempt to collect the Debt, SADE DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hi. This message is for Alexander. This is Sade. I'm calling from 1-800-299-0979 extension 48841. Please return the call today. I'm in the office until 9PM. I look forward to hearing from you and also helping you today. My number again is 1-800-299-0979.

35.     On February 12, 2010, at approximately 4:34 p.m., and in an attempt to collect the

Debt, SADE DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hi. This message is for Alexander. This is Sade. I really need for you to get in contact with me today at 1-800-299-0979. When calling use reference number 51217169. Please return the call today. My office [indecipherable] until 8 PM. I look forward to hear from today and also helping you save some money. My number again is 1-800-299-0979.

36.   SADE DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

37.   SADE DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

38.   BRAURMAN does not know anyone named "Sade" at telephone number 1-800-299-0979.

39.   The messages left do not "meaningfully disclose" the identity of the caller in violation of 15 U.S.C. §1692(d)(6)

40.   Each of the messages, having been left for the purpose of collecting a debt, and their contents constitute information regarding a debt.

41.   Each message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

42.   The messages failed to disclose that it was from a debt collector in violation of 15 U.S.C. §1692e(11).

43.   By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector, and by falsely representing that the caller was looking to assisting BRAURMAN in saving money, SADE DOE violated 15 U.S.C. §1692e(10).

## VI. FACTS SPECIFIC TO DEFENDANT MARTIN DOE

44.   On February 8, 2010, at approximately 3:40 p.m., and in an attempt to collect the

Debt, MARTIN DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hi. This is a message for Alex Braurman. Return a call to Martin as soon as possible. Very important that I hear from you. My number is 866-559-4306. I'll be available tonight until 9:00PM Eastern Time. Thank you.

45.     On March 26, 2010, at approximately 2:22 p.m., and in an attempt to collect the Debt, MARTIN DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> This message is for Alexander Braurman. Return a call to Martin as soon as possible. My contact number is 1-800-299-0979 ext. 48676.

46.     MARTIN DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

47.     MARTIN DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

48.     BRAURMAN does not know anyone named "Martin" at telephone number 866-559-4306 or 1-800-299-0979.

49.     The messages left do not "meaningfully disclose" the identity of the caller in violation of 15 U.S.C. §1692(d)(6)

50.     The messages, having been left for the purpose of collecting a debt, and their contents constitute information regarding a debt.

51.     The messages are each a "communication" within the meaning of 15 U.S.C. §1692a(2).

52.     Each message failed to disclose that it was from a debt collector in violation of 15 U.S.C. §1692e(11).

53.     By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector, MARTIN DOE violated 15 U.S.C.

§1692e(10).

## VII. FACTS SPECIFIC TO DEFENDANT JACKIE DOE

54.     On February 10, 2010, at approximately 4:14 p.m., and in an attempt to collect the

Debt, JACKIE DOE called BRAURMAN's home telephone and left a voice message for

BRAURMAN on his voice mail system, a transcript of which is:

> This message is for Alexander. Alexander, this is Jackie. Hey, I'm in a minute of
> your time. I need you to contact me back today at 866-559-4306. It is regarding
> reference number 51217169. I am available today until 6:00PM and I'm really
> trying to help you with this matter. My number once again is 866-559-4306.
> Thank you.

55.     JACKIE DOE regularly collects or attempts to collect debts owed or asserted to

be owed others.

56.     JACKIE DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

57.     BRAURMAN does not know anyone named "Jackie" at telephone number 866-

559-4306.

58.     The message left does not "meaningfully disclose" the identity of the caller in

violation of 15 U.S.C. §1692(d)(6)

59.     The message, having been left for the purpose of collecting a debt, and its

contents constitute information regarding a debt.

60.     The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

61.     The message failed to disclose that it was from a debt collector in violation of  15

U.S.C. §1692e(11).

62.     By withholding information material to allowing BRAURMAN to make a

decision as to whether to speak with a debt collector, JACKIE DOE violated 15 U.S.C.

§1692e(10).

## VIII. FACTS SPECIFIC TO DEFENDANT JENNIFER DOE

63.    On February 18, 2010, at approximately 8:20 a.m., and in an attempt to collect the

Debt, JENNIFER DOE called BRAURMAN's home telephone and left a voice message for

BRAURMAN on his voice mail system, a transcript of which is:

> This message is for Alexander Braurrman. My name is Jennifer. I'm calling from
> 800-299-0979. My extension is 48731. Please return my call today, Alexander. I'll
> be in the office until 9:00PM Eastern standard Time. This is a matter that I can
> help with so I do look forward to your call today. Your file number is 51217169.
> Thanks. Have a good day.

64.    JENNIFER DOE regularly collects or attempts to collect debts owed or asserted

to be owed others.

65.    JENNIFER DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

66.    BRAURMAN does not know anyone named "Jennifer" at telephone number 800-

299-0979.

67.    The message left does not "meaningfully disclose" the identity of the caller in

violation of 15 U.S.C. §1692(d)(6)

68.    The message, having been left for the purpose of collecting a debt, and its

contents constitute information regarding a debt.

69.    The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

70.    The message failed to disclose that it was from a debt collector in violation of   15

U.S.C. §1692e(11).

71.    By withholding information material to allowing BRAURMAN to make a

decision as to whether to speak with a debt collector, and by falsely representing that the caller

was looking to help BRAURMAN, JENNIFER DOE violated 15 U.S.C. §1692e(10).

## IX. FACTS SPECIFIC TO DEFENDANT COLLEEN DOE

72.     On February 26, 2010, at approximately 10:09 a.m., and in an attempt to collect the Debt, COLLEEN DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hello this message is for Alexander Broman. Um, Alexander my name's Colleen. I'm calling from the offices of UCB. Could you please give me a call back today? It looks like we've been trying to contact you for a couple of weeks now. Uh therefore your file was placed on my desk for review and before I proceed any further with this, I'd like to talk to you and see if there's something I can do to help you get this matter resolved. You can reach me at 866-559-4306 extension 48952. I'm in the office until 5 PM Eastern standard time. Again, it's a very important that you return my call. I do need to make a decision on this. Thank you.

73.     On May 4, 2010, at approximately 2:39 p.m., and in an attempt to collect the Debt, COLLEEN DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hello this message is for Alexander Broman. My name is Colleen. I'm calling from the settlement department in regards to your file. Could you please give me a call back today? Um, I have been reviewing, uh, your file and I, uh, have some information that I think will be very helpful to you in getting this resolved quickly. I do need a return call today. My number's 866-559-4306 extension 48952. Thank you.

74.     COLLEEN DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

75.     COLLEEN DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

76.     BRAURMAN does not know anyone named "Colleen" at telephone number 1-800-299-0979, nor does BRAURMAN know any entity as "UCB."

77.     The message left does not "meaningfully disclose" the identity of the caller in violation of 15 U.S.C. §1692(d)(6)

78.     The message, having been left for the purpose of collecting a debt, and its

contents constitute information regarding a debt.

79.   The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

80.   The message failed to disclose that it was from a debt collector in violation of   15 U.S.C. §1692e(11).

81.   By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector, and by falsely representing that the caller was looking to assist on BRAURMAN's behalf to resolve a matter, COLLEEN DOE violated 15 U.S.C. §1692e(10).

82.   By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector, and by falsely representing that the caller was looking to help BRAURMAN, COLLEEN DOE violated 15 U.S.C. §1692e(10).

### X. FACTS SPECIFIC TO DEFENDANT YOLANDA DOE

83.   On March 3, 2010, at approximately 4:54 p.m., and in an attempt to collect the Debt, YOLANDA DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hi. This message is for Alexander. Alexander, this is Yolanda giving you a call. Um, my number is 800-299-0979 extension 48627. Alexander, it is very important that you give me a call back tonight. When you call into the office, I will need for you to use this reference number. That number is 51217169. Again, that number is 51217169. I'll be in the office until 9:00PM. So, once again, it is very important that you contact me. That contact number again is 800-299-0979 extension 48627. Thank you so much and have a wonderful day.

84.   YOLANDA DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

85.   YOLANDA DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

86. BRAURMAN does not know anyone named "Yolanda" at telephone number 1-800-299-0979.

87. The message left does not "meaningfully disclose" the identity of the caller in violation of 15 U.S.C. §1692(d)(6)

88. The message, having been left for the purpose of collecting a debt, and its contents constitute information regarding a debt.

89. The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

90. The message failed to disclose that it was from a debt collector in violation of 15 U.S.C. §1692e(11).

91. By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector YOLANDA DOE violated 15 U.S.C. §1692e(10).

## XI. FACTS SPECIFIC TO DEFENDANT BRITTANNY DOE

92. On March 10, 2010, at approximately 2:06 p.m., and in an attempt to collect the Debt, BRITTANY DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hello. This message is for Alexander Braurman. Alexander, please contact Brittany as soon as you get this message. My number here is 866-559-4306. Please contact me as soon as you get this message. Again, 866-559-4306.

93. BRITTANY DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

94. BRITTANY is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

95. BRAURMAN does not know anyone named "Brittany" at telephone number 866-559-4306.

96.     The message left does not "meaningfully disclose" the identity of the caller in violation of 15 U.S.C. §1692(d)(6)

97.     The message, having been left for the purpose of collecting a debt, and its contents constitute information regarding a debt.

98.     The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

99.     The message failed to disclose that it was from a debt collector in violation of  15 U.S.C. §1692e(11).

100.    By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector, BRITTANY DOE violated 15 U.S.C. §1692e(10).

## XII. FACTS SPECIFIC TO DEFENDANT HEATHER DOE

101.    On April 26, 2010, at approximately 3:13 p.m., and in an attempt to collect the Debt, HEATHER DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> This is Heather calling for Alexander Braurrman. I need to speak with you as soon as possible. You need to return this phone call today please at 866-559-4306, my extension is 48633. I will be in and available the rest of this through 9:00PM Eastern. I would like to speak with you before forwarding my recommendations.

102.    HEATHER DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

103.    HEATHER DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

104.    BRAURMAN does not know anyone named "Heather" at telephone number 866-559-4306.

105.    The message left does not "meaningfully disclose" the identity of the caller in

violation of 15 U.S.C. §1692(d)(6)

106.   The message, having been left for the purpose of collecting a debt, and its contents constitute information regarding a debt.

107.   The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

108.   The message failed to disclose that it was from a debt collector in violation of   15 U.S.C. §1692e(11).

109.   By withholding information material to allowing BRAURMAN to make a decision as to whether to speak with a debt collector, and by falsely representing that the caller would be making recommendations as looking to help BRAURMAN, JENNIFER DOE violated 15 U.S.C. §1692e(10).

## XIII. FACTS SPECIFIC TO DEFENDANT DANIELLE DOE

110.   On May 4, 2010, at approximately 2:39 p.m., and in an attempt to collect the Debt, DANIELLE DOE called BRAURMAN's home telephone and left a voice message for BRAURMAN on his voice mail system, a transcript of which is:

> Hello. My name is Danielle. You can call be back at 866-559-4301 and have this number ready you call: 51217169. I will be available until 9 PM Eastern time. Thank you.

111.   DANIELLE DOE regularly collects or attempts to collect debts owed or asserted to be owed others.

112.   DANIELLE DOE is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

113.   BRAURMAN does not know anyone named "Danielle" at telephone number 866-559-4306.

114.   The message left does not "meaningfully disclose" the identity of the caller in

violation of 15 U.S.C. §1692(d)(6)

115.   The message, having been left for the purpose of collecting a debt, and its contents constitute information regarding a debt.

116.   The message is a "communication" within the meaning of 15 U.S.C. §1692a(2).

117.   The message failed to disclose that it was from a debt collector in violation of   15 U.S.C. §1692e(11).

### XIV. FACTS SPECIFIC TO DEFENDANT UNITED

118.   The principal purpose of UNITED's business is the collection of debts through the use of the mails and interstate commerce.

119.   UNITED regularly collects or attempts to collect debts owed or asserted to be owed others.

120.   UNITED is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

121.   When leaving each of the DOE Defendants left a message, he or she was acting as an employee, agent, or authorized representative if UNITED.

122.   By letter dated February 1, 2010 and metered with postage on February 2, 2010, UNITED sent a letter to BRAURMAN in connection with its attempt to collect a debt.

123.   Below is a copy of the relevant portion of the outside of the front of the envelope containing the February 1, 2010 letter.



124.   The name "UNITED COLLECTION BUREAU, INC." indicates that UNITED is

in the debt collection business.

125.    When each of the DOE Defendants was engaged in the illegal conduct (including acts and omissions) alleged in this Complaint, he or she did so as UNITED's employee, agent or authorized agent.

126.    On March 18, 2010, at approximately 10:18 a.m., and in an attempt to collect the Debt, UNITED called BRAURMAN's home telephone using an artificial or pre-recorded voice to deliver a message without BRAURMAN'S express consent in violation of 47 U.S.C. §227(b)(1)(B).

127.    UNITED knew or reasonably should have known that BRAURMAN had not consented to delivery of artificial or pre-recorded voice messages on his home telephone.

128.    In that message, UNITED failed to state its full legal name at the beginning of the message in violation of 47 C.F.R. §64.1200(b)(1), a regulation adopted pursuant to 47 U.S.C. §227(b). *See*, *Sengenberger v. Credit Control Srvs., Inc.*, 2010 WL 1791270, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010).

129.    UNITED's failure to state its full legal name at the beginning of the message was committed willfully or knowingly.

### XV. FIRST CAUSE OF ACTION (AGAINST SADE DOE)

130.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

131.    SADE DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

### XVI. SECOND CAUSE OF ACTION (AGAINST MARTIN DOE)

132.    Plaintiff realleges and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

133.    MARTIN DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XVII. THIRD CAUSE OF ACTION (AGAINST JACKIE DOE)

134.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

135.    JACKIE DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XVIII. FOURTH CAUSE OF ACTION (AGAINST JENNIFER DOE)

136.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

137.    JENNIFER DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XIX. FIFTH CAUSE OF ACTION (AGAINST COLLEEN DOE)

138.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

139.    COLLEEN DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XX. SIXTH CAUSE OF ACTION (AGAINST YOLANDA DOE)

140.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

141.    YOLANDA DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XXI. SEVENTH CAUSE OF ACTION (AGAINST BRITTANY DOE)

142.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

143.    BRITTANY DOE violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XXII. EIGHTH CAUSE OF ACTION (AGAINST HEATHER DOE)

144.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

145.    HEATHER DOE and UNITED violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XXIII. NINTH CAUSE OF ACTION (AGAINST DANIELLE DOE)

146.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

147.    DANIELLE DOE and UNITED violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10) and 1692e(11).

## XXIV. TENTH CAUSE OF ACTION (AGAINST UNITED UNDER FDCPA)

148.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

149.    UNITED violated the FDCPA including 15 U.S.C. §§1692d(6), 1692e(10), 1692e(11), and 1692f(8).

## XXV. ELEVENTH CAUSE OF ACTION (AGAINST UNITED UNDER TCPA)

150.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

151.   UNITED violated the TCPA.

152.   UNITED willfully and intentionally violated the TCPA.

## XXVI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor for $11,500 and attorney's fees, litigation expenses, and costs, as follows:

(a)   For the First Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(b)   For the Second Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(c)   For the Third Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(d)   For the Fourth Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(e)   For the Fifth Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(f)   For the Sixth Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(g)     For the Seventh Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(h)     For the Eighth Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(i)     For the Ninth Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(j)     For the Tenth Cause of Action, an award of $1,000 as the maximum statutory damages for BRAURMAN pursuant to 15 U.S.C. §1692k(a)(2)(B) and attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(k)     For the Eleventh Cause of Action, an award of $1,500 as the maximum damages for BRAURMAN pursuant to 47 U.S.C. § 227(b)(3); and

(l)     For such other and further relief as may be just and proper.

## XXVIII. JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Philip D. Stern & Associates, LLC
Attorneys for Plaintiff, Alexander Braurman
*s/Philip D. Stern*

Dated: February 1, 2011                           Philip D. Stern

Philip D. Stern & Associates, LLC
Attorneys for Plaintiff, Alexander Braurman
*s/Inna Ryu*

Dated: February 1, 2011                           Inna Ryu